JOSEPH B. SEAMANS *vs.* WALTER F. FITZPATRICK, *C. T.*

JUNE 20, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence in which a jury in the superior court returned a verdict for the plaintiff in the sum of $1200. Thereafter the trial justice denied the defendant's motion for a new trial. The latter then duly prosecuted his bill of exceptions to this court containing an exception to the above ruling, and also to the refusal of the trial justice to direct a .verdict in the defendant's favor.

In substance the plaintiff complains that he fell and was injured while on South Water street, a public highway in the city of Providence, because of a certain alleged defect in that highway, of which defect the defendant had or, in the exercise of ordinary care, should have had knowledge. The defendant, without denying the existence of the alleged defect, and without raising any question of lack of notice thereof, contends that under the facts and circumstances appearing in evidence the plaintiff was guilty of contributory negligence as a matter of law; that the verdict, if it was proper to submit the case to the jury, was against the preponderance of the evidence; and that the amount of the verdict indicates that the jury compromised the issues of liability and damages and did not fairly decide the case on its merits.

The facts are practically undisputed. It appears from the evidence that the plaintiff on December 6, 1934, obtained from the city of Providence, through the office of the commissioner of public works, a license, duly issued, to occupy a certain portion of the highway on South Water street designated as "Space No. 36", during the period from December 15 to December 25, 1934, inclusive, for the purpose of selling evergreens. For this license the plaintiff paid the city $10. For twenty-six years previously he had obtained similar licenses for the use of the same space.

The width of this space or booth, so rented, was ten feet, and it extended out into South Water street easterly from the westerly curb line a distance of fifteen feet. Space No. 36 was the southernmost space or booth on the westerly side of such street, and was north of the intersection of that street with Crawford street which, immediately to the west, was bridged over a portion of the Providence river. Both of these highways were very wide in the vicinity of the place of the accident. Measuring along the westerly curb of South Water street southerly from the south line of space No. 36 to the prolongation easterly of the northern railing of Crawford street bridge at approximately the intersection of the two highways, the distance was seventeen feet.

Early on the morning of December 17, 1934, the plaintiff's brother, as was customary and permissible, erected on the space in question at the curbing a stand or booth from which were sold Christmas trees, wreaths and evergreens to the general public. Thereafter he remained in constant attendance at this booth. The plaintiff arrived there about 8 a. m. on that day and remained off and on until about 7 p. m. During perhaps half of the time he was away from the booth delivering merchandise and attending to other particulars of the business. In general the same procedure was followed on December 18th. The accident involved herein took place about 11:30 a. m. on December 19.

At that time a customer intending to purchase a Christmas tree and wreaths drove up to the plaintiff's booth in an automobile, which was stopped near the southerly end of the stand. The weather at the time was cloudy and misty. The plaintiff waited on this customer, who, at the time of the accident, was in his automobile. The first tree shown him by the plaintiff was not satisfactory, and the latter then selected a tree which was on the sidewalk near the stand and which had been placed against the bridge railing which marked the westerly line of the sidewalk. The plaintiff picked this tree up and carrying it stepped from the sidewalk into the street so that the customer might examine the tree. Almost immediately after stepping off the curbing into the street the plaintiff caught his foot in the alleged defect in question and was thrown to the ground, receiving the injuries for which he claims damages.

Such defect consisted of a rut, break or depression in the hard-surfaced roadbed of South Water street. This break was located in that street about eleven feet northerly of the prolongation of the line of the northerly railing of the Crawford street bridge, about six feet south of the southerly line of space No. 36 and about seven feet south from the south side of plaintiff's stand. The break extended out in an easterly direction into the traveled portion of South Water street from its westerly curb a distance of fifteen or twenty feet until it neared the westerly rail of a car track. The place where the plaintiff fell in the highway was three or four feet easterly of the said curb. Where the accident happened the rut or depression was approximately three or four inches in depth and about four inches in width. It gradually narrowed to a point as it extended easterly into the street. The widest portion of the break was near the curb.

The plaintiff, in describing the happening of the accident, testified that he was at that time looking toward the customer, and that he did not look down at the surface of the

street where he was about to step. He also testified that, prior to his fall, he had sold goods from the south side of his stand, but that he had not observed the rut or break in question and that he had no knowledge of its existence in the highway.

In passing upon the defendant's exception to the refusal of the trial justice to direct a verdict in his favor, we are bound by the rule, well settled in this state, that we must consider all the evidence from the point of view most favorable to the plaintiff, and that the latter is entitled to the benefit of all reasonable and legitimate inferences from such evidence. It is established in this jurisdiction that generally the question of negligence is one of fact to be determined by a jury. *Clarke* v. *Rhode Island Elec. Lighting Co.*, 16 R. I. 463. This case has been frequently cited and followed by this court in later cases. The rule set out applies to the conduct of either the plaintiff or the defendant.

In *Fontaine* v. *Follett, C. T.*, 51 R. I. 413, an action to recover for injuries caused by a defect in the highway, the court, in overruling an exception to the action of the trial justice in refusing to direct a verdict for the defendant, at page 415 stated: "In the use of the streets one is not required to keep his eyes constantly on the sidewalk or road over which he is traveling." See also *Gilbane* v. *Lent*, 41 R. I. 462. In the last-named case the court made the following statement at page 468: "However, whether or not a traveler could have seen such defect, if he had looked for it, is not conclusive in determining whether he is guilty of negligence contributing to his own injury, unless the surrounding circumstances are such that no other inference can be drawn from his conduct. In this case, in our opinion, notwithstanding the admission of the plaintiff, there still remained the question of fact for the determination of the jury, whether, acting upon the assumption that the city of Central Falls had performed its statutory duty, with his at-

tention momentarily diverted, the plaintiff was exercising the care of an ordinarily prudent man in the circumstances."

It may be noted that in the instant case the plaintiff's attention was undoubtedly diverted by the tree which he was carrying to the customer. In each of the cases above cited the evidence showed that the plaintiff therein was ignorant of any defect in the street or sidewalk, and in each case this court held that the question of whether or not the plaintiff was guilty of contributory negligence was for the jury to determine.

In support of his contention that the trial justice should have directed a verdict for him the defendant has called to our attention several cases decided by this court. *Nicholas* v. *Peck, T.T.,* 20 R. I. 533; *Same* v. *Same,* 21 R. I. 404; *Esleeck* v. *Capwell, T.T.,* 72 A. 819 (R. I.) ; *Patalano* v. *Cray, C.T.,* 49 R. I. 15. See also *Rinfret* v. *Clegg, C.T.,* 58 R. I. 478. These cases are clearly distinguishable, in our opinion, from the instant case. In each of them, except *Patalano* v. *Cray, C.T., supra,* it appeared that the plaintiff had knowledge, prior to the happening of the accident, of the defect in question. In the case last referred to, the plaintiff, who was riding a bicycle at a rapid rate on a highway, apparently paid no attention whatever to the condition of the road and a slight depression therein caused him to be thrown off his bicycle. The court there held that, on the facts of that case, he was guilty of contributory negligence as a matter of law.

In the instant case undoubtedly a close question as to whether or not the plaintiff was guilty of such negligence was raised by the evidence, especially that portion thereof which dealt with the physical facts and surroundings at the place of the accident and the plaintiff's conduct at the time of the accident. Certain photographic exhibits introduced in evidence by both parties also bore upon the determination of that issue.

Upon consideration, however, we are of the opinion that the trial justice ruled correctly when he refused to grant the defendant's motion for a directed verdict. In our judgment the question of whether or not the plaintiff was guilty of negligence which contributed to the accident was, in the first instance, for the jury to decide, taking into consideration all the facts and circumstances appearing in evidence. Among such facts and circumstances may be mentioned the amount of time spent by the plaintiff at or near the stand and from which side of it he sold goods prior to his fall; the location and distance of the rut or break from the stand; the nature, size and noticeability of the break and conditions existing at the time of the accident, including the direction of plaintiff's attention at that time; all as bearing upon the issue of whether or not the plaintiff actually did have or should have had knowledge of the break in the highway, and whether or not he exercised the care of an ordinarily prudent man under the circumstances. The trial justice properly left the question of whether or not the plaintiff was guilty of contributory negligence to the jury. The defendant's exception to the refusal of the trial justice to direct a verdict is overruled.

The defendant's motion for a new trial set out the usual grounds. The trial justice, when he decided this motion, had had the opportunity of seeing and hearing the witnesses testify, which fact should have been a material aid in passing upon their credibility and weighing their testimony. However, he denied this motion of the defendant's in a brief rescript in which no direct reference was made to the important features, or to the preponderance of the evidence, or to the credibility of the witnesses, in particular the plaintiff in respect to his testimony concerning his lack of knowledge of the existence of the defect in the highway.

In this situation we consider that the approval of the verdict by the trial justice does not have in this court the

persuasive force which such an approval ordinarily would have. In our opinion, we have not received the benefit of his experience and independent judgment on the weight of the evidence in a case in which the issue of whether or not the plaintiff was guilty of contributory negligence presented a close and difficult question.

We have, therefore, carefully examined the evidence submitted and have come to the conclusion that, on the present record, the verdict of the jury is against the great weight of the evidence, and that the decision of the trial justice sustaining that verdict is clearly wrong. *Barlik* v. *United Electric Rys. Co.*, 60 R. I. 227; *Power Service Corp.* v. *Pascoag Fire District*, 62 R. I. 167. In our opinion, justice requires that the case be submitted to another jury for consideration. The defendant's exception to the refusal of the trial justice to grant his motion for a new trial is sustained.

The case is remitted to the superior court for a new trial.

*William H. McSoley, William H. McSoley, Jr.,* for plaintiff.

*Daniel E. Geary,* City Solicitor, *John T. Walsh,* Assistant City Solicitor, for defendant.